UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MORGAN TERRETT WILSON,

            Plaintiff,

v.                                      Case No. 17-cv-1432-pp

RACINE COUNTY JAIL, *et al.*,

            Defendants.

---

## ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR
## LACK OF DILIGENT PROSECUTION

---

      Morgan Wilson, representing himself, filed a complaint under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The case was assigned to U.S. Magistrate Judge William Duffin. On November 15, 2017, Judge Duffin informed the plaintiff that, because he was incarcerated when he filed his complaint, the Prison Litigation Reform Act applied to his case. Dkt. No. 7. Judge Duffin told the plaintiff that, under that law, if the plaintiff wanted to proceed without prepaying the $400 filing fee, he had to pay an initial partial filing fee, which the court would calculate based on a review of the transactions reflected on the plaintiff's jail trust account statement for the six months preceding his filing of the complaint.

      Judge Duffin ordered the plaintiff to do one of the following by December 1, 2017: 1) provide the court with a copy of his trust account statement for the six-month period preceding the filing of his complaint (or for whatever period

he was incarcerated, if less than six months); or 2) explain to the court why he is unable to provide his trust account statement and complete a non-prisoner request to proceed without prepayment of the filing fee form. Judge Duffin warned the plaintiff that, if he failed to comply with the order, the court would dismiss his case without prejudice based on his failure to diligently prosecute it. Id. The December 1, 2017 deadline came and went more than a month ago, and the plaintiff has neither provided his trust account statement nor provided the court with a reason why he cannot do so. Under Judge Duffin's order, the plaintiff's case is subject to dismissal.

So far, the defendants are not aware that the plaintiff has sued them, because the court has not approved the complaint to be served on them. For that reason, the defendants have not had the opportunity to decide whether they want to consent to Judge Duffin having final authority to decide the case. Given that, the clerk's office reassigned the case to this court to consider whether it should dismiss the case because the plaintiff has not diligently pursued it. See Coleman v. Labor & Indus. Review Comm'n, 860 F.3d 461 (7th Cir. 2017).

Civil Local Rule 41(c) of the Eastern District of Wisconsin states, "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice . . . ." Because the plaintiff has not complied with Judge Duffin's order, the court will dismiss this case without prejudice based on the plaintiff's failure to

diligently prosecute it. The plaintiff may refile his case at a later date, subject to the applicable statute of limitations.

The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's complaint, dkt. no. 1, and this case.

Dated in Milwaukee, Wisconsin, this 19th day of January, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**